F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 0 6 2026   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL ACTION**

| |
|---|
| **YESSIMKHAN YELESHEV**<br>(A-Number A236-526-113)<br><br>*Petitioner,*<br><br>v.<br><br>**1. ANTHONY J. LA ROCCO,** Sheriff of Nassau County, in his official capacity, as immediate custodian of Petitioner;<br><br>**2. ACTING FIELD OFFICE DIRECTOR,** U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, New York Field Office, in his/her official capacity;<br><br>**3. TODD M. LYONS,** Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;<br><br>**4. MARKWAYNE MULLIN,** Secretary of the U.S. Department of Homeland Security, in his official capacity; and<br><br>**5. TODD BLANCHE,** Acting Attorney General of the United States, in his official capacity,<br><br>*Respondents.* |

**CV 26 2294**

**BULSARA, J.**

Civil Action No.:

**PETITION FOR WRIT OF HABEAS CORPUS**

28 U.S.C. § 2241

Petitioner Yessimkhan Yeleshev, by and through his undersigned counsel, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, declaratory and injunctive relief, and emergency anti-transfer relief, and in support states the following:

## I. INTRODUCTION

1. This case challenges a warrantless administrative arrest of a bona fide asylum applicant carried out at the front door of the very United States Citizenship and Immigration Services ("USCIS") asylum office where the Government had ordered him to appear. Petitioner Yessimkhan Yeleshev is a 38-year-old citizen of Kazakhstan who entered the United States on a valid B-2 visitor visa on October 6, 2025; filed a complete Form I-589 application for asylum on January 5, 2026, while still in lawful status; complied with every notice, appointment, and biometric requirement USCIS imposed; and presented himself, with counsel of record, at the New York Asylum Office in Bethpage, New York, at 10:00 a.m. on May 4, 2026, in obedience to a USCIS interview-rescheduling notice that warned him his application would be denied if he failed to appear.

2. Instead of conducting the non-adversarial benefits interview that 8 C.F.R. § 208.9 guarantees, the Government arrested him.

3. No charging document had issued. No Notice to Appear had been served. No warrant of arrest from a neutral magistrate accompanied the seizure. No prior bond hearing had ever been held, and Petitioner asks this Court for none. He asks for his immediate release and for an order preventing the Government from transferring him out of this District while this Petition is pending.

4. Petitioner accrued zero days of unlawful presence under 8 U.S.C. § 1182(a)(9)(B)(iii)(II) at the moment of his arrest. Congress, by statute, removed the only downstream consequence of overstay (the 3- and 10-year reentry bars) the moment a bona fide asylum application is filed. The arrest of a person whom Congress has expressly placed within a protected procedural posture, while he was complying with the very benefits process Congress designed, exceeds the authority Congress conferred on Immigration and Customs Enforcement

("ICE") under 8 U.S.C. § 1357(a)(2). It also violates the regulatory commitment that asylum interviews are non-adversarial (8 C.F.R. § 208.9), and it offends the Fifth Amendment guarantee that liberty may not be stripped without rational government action and meaningful process.

5. The relief sought is not a bond hearing. The relief sought is the writ. The Government may not lure a bona fide asylum-seeker to a benefits interview, arrest him without a warrant or charging document, and then place him in administrative detention to await the manufacture of a charge that, even if later asserted, cannot retroactively legitimize an arrest that was unlawful at inception.

## II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201 (Declaratory Judgment Act); 5 U.S.C. §§ 702, 706 (Administrative Procedure Act); and Article I, Section 9, Clause 2 of the United States Constitution (Suspension Clause).

7. Venue properly lies in the Eastern District of New York under 28 U.S.C. § 2241(a) and Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004), because Petitioner's immediate custodian, Sheriff Anthony J. La Rocco, holds him at the Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York 11554, which is physically located within this District. Nassau County is within the Eastern District of New York pursuant to 28 U.S.C. § 112(c).

8. Petitioner's arrest occurred at the New York Asylum Office, 1065 Stewart Avenue, Suite 200, Bethpage, New York 11714, also within this District.

9. This matter is properly filed at the Long Island Federal Courthouse, 100 Federal Plaza, Central Islip, New York 11722, which serves Nassau County.

### III. PARTIES

10. Petitioner Yessimkhan Yeleshev is a native and citizen of Kazakhstan, born September 11, 1987. He is the holder of A-Number A236-526-113 and the applicant in USCIS asylum case MGL2641840025. He is currently and unlawfully detained at the Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York 11554.

11. Respondent Anthony J. La Rocco is the Sheriff of Nassau County and the immediate custodian of Petitioner. He is sued in his official capacity. Sheriff La Rocco operates Nassau County Correctional Center under an Intergovernmental Service Agreement with U.S. Immigration and Customs Enforcement and a 287(g) detention agreement covering ICE detainees housed at that facility.

12. Respondent Acting Field Office Director, ICE Enforcement and Removal Operations, New York Field Office, 26 Federal Plaza, Suite 9-110, New York, New York 10278, is the senior ICE official responsible for ICE detention operations within New York and the official under whose authority Petitioner has been administratively arrested and detained. The Acting Field Office Director is sued in his/her official capacity.

13. Respondent Todd M. Lyons is the Acting Director of U.S. Immigration and Customs Enforcement, the federal agency under whose authority Petitioner has been seized and detained. He is sued in his official capacity.

14. Respondent Markwayne Mullin is the Secretary of the United States Department of Homeland Security, the cabinet-level official charged with enforcement of the immigration laws and the parent agency of ICE and USCIS. He is sued in his official capacity.

15. Respondent Todd Blanche is the Acting Attorney General of the United States, the chief federal law enforcement officer and head of the Department of Justice. He is sued in his official capacity.

## IV. STATEMENT OF FACTS

**A. Petitioner's lawful entry and asylum filing.**

16. On February 3, 2025, the United States Embassy in Astana, Kazakhstan issued Petitioner a B1/B2 nonimmigrant visa, valid for ten years through January 30, 2035 (Exhibit A).

17. On October 6, 2025, Petitioner was lawfully admitted to the United States as a B-2 visitor at John F. Kennedy International Airport. Customs and Border Protection issued him I-94 number 753500330A4, with an admit-until date of April 4, 2026 (Exhibit B).

18. Petitioner's admission was a lawful admission under 8 U.S.C. § 1101(a)(13)(A). He is, and has at all times since October 6, 2025 been, a person who has been "lawfully admitted" within the meaning of the Immigration and Nationality Act.

19. On January 5, 2026 — eighty-nine days BEFORE his B-2 admission expired — Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, with USCIS. USCIS received the application on January 5, 2026 and issued a Form I-797C receipt notice (number MGL2641840025) confirming receipt the same day (Exhibit C).

20. Petitioner filed his I-589 well within the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B). His application is bona fide. USCIS has at no time alleged frivolousness, abandonment, or any other defect in the application.

21. Because Petitioner has a bona fide application for asylum pending under 8 U.S.C. § 1158, no period of time has been or is being counted against him as unlawful presence for purposes of the 3- and 10-year reentry bars of 8 U.S.C. § 1182(a)(9)(B)(i). 8 U.S.C. § 1182(a)(9)(B)(iii)(II); USCIS Adjudicator's Field Manual Ch. 40.9.2(b)(1)(E)(ii). As of the date of his arrest, Petitioner had accrued zero days of unlawful presence.

**B. Compliance with every USCIS scheduling and biometrics requirement.**

22. On January 27, 2026, Petitioner appeared at the USCIS Application Support Center for biometrics collection in connection with his pending I-589. Biometrics were completed without incident (Exhibit D).

23. On January 13, 2026, USCIS issued Petitioner an Interview Notice scheduling his asylum interview for February 23, 2026 at the New York Asylum Office (Exhibit E).

24. On February 23, 2026, USCIS administratively cancelled the scheduled interview, for reasons not attributable to Petitioner, and rescheduled it for April 6, 2026 (Exhibit F).

25. On March 23, 2026, USCIS administratively cancelled the April 6 interview, again for reasons not attributable to Petitioner, and rescheduled it for May 4, 2026 (Exhibit G).

26. On April 2, 2026, USCIS issued Petitioner an Interview Reschedule Notice (Form I-797C) directing him to appear at 10:00 a.m. on May 4, 2026 at the New York Asylum Office, 1065 Stewart Avenue, Suite 200, Bethpage, New York 11714 (Exhibit H). The notice expressly threatened that, "If you fail to appear for this rescheduled asylum interview without good cause … we may refer your Form I-589 to an immigration judge."

27. Petitioner complied. He traveled to Bethpage and presented himself at the New York Asylum Office at 10:00 a.m. on May 4, 2026, with counsel of record on the Form G-28 of Robert Bond, Esq.

**C. The arrest at the asylum office.**

28. Upon Petitioner's arrival at the asylum office on May 4, 2026, ICE agents arrested him. ICE did so without producing or serving a warrant of arrest issued by a neutral magistrate. ICE did not produce or serve a Notice to Appear (Form I-862). ICE did not produce or serve a Notice and Order of Expedited Removal (Form I-860). ICE did not produce or serve a Form I-286 Notice of Custody Determination at the time of seizure.

29. Upon information and belief, USCIS asylum office personnel coordinated with ICE to facilitate the arrest. Upon information and belief, USCIS provided ICE with the date, time, and location of Petitioner's interview for the purpose of effectuating the arrest at that interview.

30. Petitioner was thereafter transported from the New York Asylum Office in Bethpage to Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York 11554, where he is currently held in custody.

31. As of the filing of this Petition, no charging document has been served on Petitioner or his counsel of record. No bond determination has been made. No Notice to Appear has been filed with the Immigration Court. Petitioner has not been brought before any neutral decisionmaker.

## V. STATUTORY AND LEGAL FRAMEWORK

32. ICE's authority to make warrantless administrative arrests is governed by 8 U.S.C. § 1357(a)(2). That section authorizes a designated immigration officer to arrest without a warrant only "any alien in the United States, if [the officer] has reason to believe that the alien so arrested is in the United States in violation of any [law or regulation] and is likely to escape before a warrant can be obtained for his arrest."

33. Three constraints render Petitioner's arrest unlawful. First, statutory: Congress, by 8 U.S.C. § 1182(a)(9)(B)(iii)(II), has affirmatively removed the consequence of overstay (the reentry bar) for aliens with bona fide asylum applications pending. Second, regulatory: 8 C.F.R. § 208.9(b) directs that asylum interviews "shall be conducted in a non-adversarial manner." Third, constitutional: the Fifth Amendment Due Process Clause forbids arbitrary deprivations of liberty.

34. Where, as here, the Government detains a person whom Congress has placed within a protected procedural posture, in violation of regulation and constitutional norms, habeas corpus lies. See 28 U.S.C. § 2241; Boumediene v. Bush, 553 U.S. 723, 779 (2008); INS v. St. Cyr, 533 U.S. 289, 301 (2001); Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

## VI. CLAIMS FOR RELIEF

### COUNT I — Ultra Vires Arrest Under 8 U.S.C. § 1357(a)(2) and the Asylum-Tolling Provision of 8 U.S.C. § 1182(a)(9)(B)(iii)(II)

35. Petitioner incorporates by reference all preceding paragraphs.

36. ICE's warrantless administrative arrest authority under 8 U.S.C. § 1357(a)(2) requires "reason to believe" that the noncitizen is "in the United States in violation of any [law or regulation] and is likely to escape."

37. Congress has, by 8 U.S.C. § 1182(a)(9)(B)(iii)(II), foreclosed the most direct consequence of overstay (the reentry bar) for any alien with a bona fide asylum application pending. Petitioner's I-589 is bona fide and pending. Petitioner's appearance for the rescheduled interview is the opposite of evasion.

38. Where Congress has affirmatively neutralized the downstream consequences of an asserted "violation," and where the noncitizen is, at the moment of seizure, actively complying with the very benefits process that Congress and the agency have designed to adjudicate his protected status, the § 1357(a)(2) predicates of "violation" and "likelihood of escape" do not, on the face of the statute, support a warrantless arrest.

39. The arrest of Petitioner therefore exceeds the statutory authority Congress conferred on ICE. The arrest is ultra vires. Detention pursuant to an ultra vires arrest is unlawful and supports the writ. See Demore v. Kim, 538 U.S. 510, 526 (2003) (factual predicate of detention must be specific to detainee).

## COUNT II — Violation of 8 C.F.R. § 208.9(b) and the Accardi Doctrine

40. Petitioner incorporates by reference all preceding paragraphs.

41. Federal regulation 8 C.F.R. § 208.9(b) provides that the asylum interview "shall be conducted in a non-adversarial manner and, except at the request of the applicant, separate and apart from the general public."

42. Coordinated USCIS-ICE arrest at the asylum interview converts the very interview the regulation describes as "non-adversarial" into a means of administrative seizure. The regulatory commitment is rendered illusory if compliance with the interview is the very mechanism by which liberty is taken.

43. Under United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954), the Government is bound by the regulations it has promulgated to govern adjudication. The Second Circuit enforces the Accardi doctrine in immigration cases without requiring a prejudice showing where the regulation runs to the alien's benefit. Montilla v. INS, 926 F.2d 162, 167 (2d Cir. 1991). The arrest of Petitioner at the May 4, 2026 asylum interview violated 8 C.F.R. § 208.9(b) and supports habeas relief.

## COUNT III — Fifth Amendment Due Process

44. Petitioner incorporates by reference all preceding paragraphs.

45. The Fifth Amendment Due Process Clause forbids the Government from depriving a person of liberty without due process of law. Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

46. The Government's coordinated lure-and-arrest practice — applied to a noncitizen Congress has expressly placed within a tolling-protected posture and who has complied with every Government scheduling demand — is arbitrary in the constitutional sense. It bears no rational relation to any legitimate enforcement interest the Government may invoke.

47. Detention pursuant to a constitutionally infirm arrest is itself a continuing due-process violation. The writ corrects it. See Boumediene v. Bush, 553 U.S. 723, 779 (2008).

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody immediately;

B. Issue declaratory judgment, pursuant to 28 U.S.C. § 2201, that Petitioner's warrantless administrative arrest at the New York Asylum Office on May 4, 2026 exceeded the authority conferred on ICE by 8 U.S.C. § 1357(a)(2), violated 8 C.F.R. § 208.9(b), and violated the Fifth Amendment Due Process Clause;

C. Issue a temporary restraining order and preliminary injunction prohibiting Respondents from transferring Petitioner outside the Eastern District of New York during the pendency of this Petition, and prohibiting Respondents from re-arresting, re-detaining, or removing Petitioner pending the resolution of his I-589 application;

D. Take judicial notice of the EOIR Automated Case Information system status for A-Number A236-526-113 and the USCIS Form I-797C receipt notice for Form I-589 case number MGL2641840025;

E. Order any further relief that law and justice require under 28 U.S.C. § 2243; and

F. Award reasonable costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority.

## VIII. REQUIREMENTS OF 28 U.S.C. § 2243

Pursuant to 28 U.S.C. § 2243, Petitioner respectfully requests that this Court award the writ or issue an order to show cause forthwith. Petitioner seeks expedited consideration on the

ground that he is currently and unlawfully detained, with active risk of out-of-District transfer that would frustrate this Court's jurisdiction.

Dated: May 5, 2026

Respectfully submitted,

/s/ Robert Bond
**Robert Bond, Esq.**
PA Bar No. 308371 (Pro Hac Vice pending)
Law Offices of Robert Bond, Esq.
11880 Bustleton Avenue, Suite 206
Philadelphia, PA 19116
Tel: (215) 240-7565
rbond@phillylawcenter.com
**Counsel for Petitioner Yessimkhan Yeleshev**

**LIST OF EXHIBITS**

**EXHIBIT**                **DESCRIPTION**

A                U.S. Visa (B1/B2), Astana, 02/03/2025
B                CBP Form I-94 (Admission # 753500330A4; admit-until
                 04/04/2026)
C                USCIS I-797C Receipt MGL2641840025 (I-589 received
                 01/05/2026)
D                USCIS Biometrics Confirmation 01/27/2026
E                USCIS Asylum Interview Notice (originally for
                 02/23/2026)
F                USCIS Cancellation 02/23/2026 + Reschedule to
                 04/06/2026
G                USCIS Cancellation 04/06/2026 + Reschedule to
                 05/04/2026
H                USCIS I-797C Reschedule for 05/04/2026, 10:00 AM,
                 Bethpage NY

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I caused the foregoing PETITION FOR WRIT OF

HABEAS CORPUS, together with the accompanying Memorandum of Law, Motion for

Temporary Restraining Order, supporting Memorandum, Proposed Orders, Civil Cover Sheet,

and Exhibit Package, to be filed with the Clerk of Court via the Court's CM/ECF system and to

be served on the following parties by certified U.S. mail and electronic mail where addresses are

on file:

- Sheriff Anthony J. La Rocco, Nassau County Sheriff's Department, 100 Carman Avenue, East Meadow, NY 11554

- Acting Field Office Director, ICE Enforcement and Removal Operations — New York Field Office, 26 Federal Plaza, Suite 9-110, New York, NY 10278

- Office of the United States Attorney for the Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, NY 11201

- Office of the Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530

- Office of the General Counsel, U.S. Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528

/s/ Robert Bond
**Robert Bond, Esq.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL ACTION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 6 2026 ★

LONG ISLAND OFFICE

**YESSIMKHAN YELESHEV**
(A-Number A236-526-113)

*Petitioner,*

v.

**1. ANTHONY J. LA ROCCO,** Sheriff of Nassau County, in his official capacity, as immediate custodian of Petitioner;

**2. ACTING FIELD OFFICE DIRECTOR,** U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, New York Field Office, in his/her official capacity;

**3. TODD M. LYONS,** Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;

**4. MARKWAYNE MULLIN,** Secretary of the U.S. Department of Homeland Security, in his official capacity; and

**5. TODD BLANCHE,** Acting Attorney General of the United States, in his official capacity,

*Respondents.*

**CV 26 2294**

**BULSARA, J.**

Civil Action No.:

**PROPOSED ORDER GRANTING WRIT OF HABEAS CORPUS**

28 U.S.C. § 2241

This matter having come before the Court on the Petition for Writ of Habeas Corpus filed by Yessimkhan Yeleshev pursuant to 28 U.S.C. § 2241; and the Court having considered the Petition, Memorandum of Law, exhibits, and any response submitted by Respondents; and good cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. The Petition for Writ of Habeas Corpus is GRANTED.

2. The arrest of Petitioner Yessimkhan Yeleshev (A-Number A236-526-113) on May 4, 2026, at the New York Asylum Office, was UNLAWFUL.

3. Respondents shall RELEASE Petitioner from custody at Nassau County Correctional Center forthwith.

4. Respondents shall not re-arrest, re-detain, or remove Petitioner during the pendency of his Form I-589 (USCIS Receipt MGL2641840025), absent further order of this Court.

5. Respondents shall not transfer Petitioner outside the Eastern District of New York without prior leave of this Court.

6. The Court retains jurisdiction over this matter to enforce the terms of this Order.


**SO ORDERED.**

Dated: _____


_____
*United States District Judge*