THE LAW OFFICES OF

# ROBERT BOND *

ESQUIRE • LLC
USPHS VETERAN US

11880 Bustleton Ave, Ste 206, Philadelphia, PA 19116 📱 **(215) 240-7565**
603 Brighton Beach Ave, 2nd Fl, Brooklyn, NY 11235 📱 **(718) 730-9407**
✉ rbond@phillylawcenter.com

**www.phillylawcenter.com**
*Licensed in Pennsylvania & New Jersey • 📷 @robertbondlaw

May 7, 2026

**VIA CM/ECF**

The Honorable Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

**Re:** *Yeleshev v. La Rocco,* No. 26-cv-02294 (SJB)
      Petitioner's Pre-Hearing Letter Response to the Court's
      Scheduling Order of May 7, 2026

Dear Judge Bulsara:

On behalf of Petitioner Yessimkhan Yeleshev, and in respectful response to the Court's Scheduling Order entered May 7, 2026 (ECF), Petitioner files this letter to address — in advance of the May 11, 2026 hearing — the two specific questions the Court directed Respondents to clarify. Petitioner anticipates that Respondents will file their own letter and submits this short response so that Petitioner's position on the same questions is before the Court before the hearing.

**1. Whether the NTA was issued after Petitioner's arrest, in contravention of Gopie v. Lyons and Benitez v. Genalo.**

On the face of the Vrahnas Declaration (Dkt. 8-1), the answer is yes. The Declaration states that on May 4, 2026 ICE "issued" the I-200 Warrant of Arrest (¶ 7) and "arrested" Petitioner "*pursuant to the I-200*" (¶ 9). Only later — "*On the same day, during processing, DHS served Petitioner with the NTA*" (¶ 10). The Form I-286 followed the same chronology (¶ 11). The Vrahnas Declaration thus concedes that ICE seized Petitioner before the NTA was served on him, and that the NTA was served only at the detention facility after Petitioner was already in custody.

That sequence is exactly what this Court held unlawful in *Gopie v. Lyons*, No. 25-cv-05229 (SJB), 2025 WL 3167130 (E.D.N.Y. Nov. 13, 2025), and in the companion decisions issued by this Court the following spring in *Parada Cruz v. Noem*, No. 26-cv-01110, 2026 WL 1027441 (E.D.N.Y. Apr. 16, 2026), and *Benitez v. Genalo*, No. 26-cv-01122 (E.D.N.Y. Apr. 16, 2026). Three holdings of this Court directly govern:

(a)  "*If ICE is going to use an arrest warrant, then there must be removal proceedings initiated before or at the time of the arrest. Such proceedings are begun through the issuance of a Notice to Appear ("NTA"). There is no "leeway." If ICE wants to use a warrant, it must have a valid NTA in place.*" *Parada Cruz*, 2026 WL 1027441, at *3 (citing *Niz-Chavez v. Garland*, 593 U.S. 155, 157–58 (2021)).

(b)    "*Using an after-the-fact warrant to justify a prior arrest is constitutionally problematic. It also is statutorily prohibited under the INA.*" *Id.* at *4.

(c)    "*[R]egardless of what statutory authority is used to arrest someone, issuance of NTAs and warrants post-arrest to create post hoc justifications violates due process.*" *Benitez*, slip op. at 8.

Two further authorities reinforce the conclusion. First, *Gopie* specifically held that "a bond hearing before an immigration judge is a re-determination of custody — it assumes that a valid custody determination was made in the first instance," and that where the initial determination "was made after-the-fact, that alone makes it invalid." 2025 WL 3167130, at *3. Second, *Niz-Chavez* holds that the NTA is the procedural trigger for removal proceedings; without a valid NTA in place at the time of arrest, the warrant has no procedural foundation.

On the record before the Court, the Vrahnas Declaration concedes the same arrest-then-NTA-then-I-286 chronology that this Court has now ruled on three separate occasions to be "constitutionally problematic," "statutorily prohibited," and a violation of due process.

## 2.  What "during processing" means in terms of when Petitioner was served with the NTA.

On this District's record, "*during processing*" has come to mean: *after the arrest, at the detention facility, when ICE serves the I-200 and the NTA at the location to which the noncitizen has already been transported in custody*. The Court has documented this pattern in detail. In *Mohd v. Noem*, No. 26-cv-0680, 2026 WL 363525 (E.D.N.Y. Feb. 9, 2026), the Court found that the I-200 "plainly identifies 'East Meadow, New York' — the location of the Nassau County Correctional Center, where ICE first transported Mr. Mohd after his arrest — as the location where ICE served the warrant on Mr. Mohd, not Hempstead, where ICE officers arrested him." *Id.* at *4. In *Aguinaga Castellon v. Doe*, No. 26-cv-0647, 2026 WL 326947 (E.D.N.Y. Feb. 7, 2026), the Court likewise found ICE conducted "a warrantless arrest … then transported [petitioner] to the Central Islip Hold Room, where they served him with a Form I-200 Warrant." *Id.* at *4.

Petitioner respectfully submits that the same is true here. Petitioner was arrested at approximately 10:00 a.m. on May 4, 2026 at the New York Asylum Office, 1065 Stewart Avenue, Bethpage, New York. He was transported to the Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York. The face of the I-200 should reflect a service location of East Meadow, not Bethpage. The face of the I-286 should reflect the same. The Vrahnas Declaration's "during processing" language is the verbal acknowledgement of that paper trail.

To enable the Court to confirm this directly at the May 11 hearing, Petitioner respectfully requests that the Court direct Respondents to produce, in advance of or at the hearing, the I-200, the I-286, and the NTA with their service-location and timestamp fields visible.

## Conclusion

On the answers to the Court's two questions, the May 11 hearing record will reflect that the NTA and the I-286 were issued and served only after ICE had already arrested Petitioner pursuant to the I-200 at the New York Asylum Office. That sequence is the same one this Court has held unlawful in *Gopie*, *Parada Cruz*, and *Benitez*. Petitioner respectfully submits that the same result

follows here, and that the writ should issue at the conclusion of the May 11 hearing. Petitioner's full reply briefing is set forth in his Reply Memorandum filed contemporaneously herewith.

Petitioner thanks the Court for its attention to this matter.


Respectfully submitted,


/s/ Robert Bond
Robert Bond, Esq.
Pennsylvania Bar No. 308371
Admitted Pro Hac Vice (Order, Bulsara, J., May 6, 2026, ECF)
Law Offices of Robert Bond, Esq.
11880 Bustleton Avenue, Suite 206
Philadelphia, Pennsylvania 19116
Tel: (215) 240-7565
Email: rbond@phillylawcenter.com
Counsel for Petitioner Yessimkhan Yeleshev


cc:  All counsel of record (via CM/ECF)
     Marika M. Lyons, AUSA — marika.lyons@usdoj.gov
     Diane C. Leonardo, AUSA — diane.beckmann@usdoj.gov