


**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722*

May 12, 2026

Honorable Sanket J. Bulsara
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Yeleshev v. LaRocco, et. al.*, No. 26-cv-2294 (SJB)

Dear Judge Bulsara:

This Office represents William P. Joyce, Acting Field Officer Director, U.S. Immigration and Customs Enforcement ("ICE"), New York Field Office; Todd M. Lyons, in his official capacity as Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, in his official capacity as Acting Attorney General, U.S. Department of Justice ("Federal Respondents")[1] in the above-captioned case in which Petitioner Yessimkhan Yeleshev ("Petitioner") filed a petition for a writ of habeas corpus on May 6, 2026 challenging his detention by ICE. *See* Docket Entry ("DE") No. 1 (the "Petition"). Federal Respondents respectfully submit this letter in response to the Court's May 11, 2026 Minute Entry and Order directing them to file a letter identifying authority that "permits them to detain the Petitioner under 8 U.S.C. § 1226(a) in light of the fact that Petitioner has not accrued any unlawful presence under 8 U.S.C. § 1182(a)(9)(B)(iii)(II)."

**Detention Under 8 U.S.C. § 1226(a) Is Supported By A Valid Notice to Appear, Citing 8 U.S.C. § 1227(a)(1)(B)**

Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Removal proceedings are generally initiated by the issuance of a Notice to Appear ("NTA") which cites the grounds on which an alien is deportable under 8 U.S.C. § 1227 (*see, e.g., Jemna v. Warden of Otay Mesa Det. Ctr.*, No. 3:26-CV-00725, 2026 WL 788172, at \*1 (S.D. Cal. Mar. 20, 2026)), or inadmissible under 8 U.S.C. § 1182. *See* 8 U.S.C. § 1229a(2) ("An alien placed in proceedings under this section may be charged with any applicable ground of inadmissibility under section 1182(a) of this title or any applicable ground of deportability under section 1227(a) of this title."). One such ground of removability is 8 U.S.C. § 1227(a)(1)(B), which provides that an alien is deportable "for overstaying his visa, or 'as an individual who was admitted to the United States

---

[1] This office does not represent respondent Anthony J. LaRocco, in his official capacity of Sheriff of Nassau County.

but remained for a time longer than permitted by law'" *Jemna*, 2026 WL 788172, at *1. Indeed, 8 U.S.C. § 1227(a)(1)(B) (or INA Section 237(a)(1)(B)) is the provision of law cited by ICE in the Notice to Appear issued in this action charging Petitioner as removable. *See* Declaration of Deportation Office Demetrios Vrahnas, Ex. A (ECF No. 8-2). Therefore, Federal Respondents understand Your Honor to be asking whether, pursuant 8 U.S.C. § 1182(a)(9)(B)(iii)(II), Petitioner is not in the United States "in violation of [the INA] or any other law of the United States" (8 U.S.C. § 1227(a)(1)(B)), such that this provision of Section 1227, specifying the grounds on which aliens are deportable, could not be used as the basis to support the charge of removability.

Federal Respondents respectfully submit that, by its plain terms, as acknowledged by those courts that have performed a close analysis of the statute, 8 U.S.C. § 1182(a)(9)(B)(iii)(II) does *not* provide that an alien who has overstayed his visa is generally lawfully present in the United States, such that he cannot be removed on the basis of 8 U.S.C. § 1227(a)(1)(B). Further, Federal Respondents respectfully submit that, regardless of whether Petitioner is found to be "lawfully present," he is nonetheless in the United States in violation of the INA, and therefore is without legal status, and subject to deportation under both 8 U.S.C. § 1227(a)(1)(B) and 8 U.S.C. § 1227(a)(1)(C).

**8 U.S.C. §1182(a)(9)(B) Does Not Apply to 8 U.S.C. § 1227**

As noted above, 8 U.S.C. §1182 is the section of the INA addressing "inadmissible aliens" (i.e., aliens who are not entitled to be admitted to the United States -- as opposed to Section 1227, which addresses whether aliens already admitted are deportable). 8 U.S.C. §1182(a)(9)(B) addresses whether aliens who were previously unlawfully present in the United States but have since departed or been removed and subsequently seek re-admission, are barred from such re-admission. In turn, 8 U.S.C. §1182(a)(9)(B)(i) or "clause (i)" provides certain bars to re-entry for such aliens – specifically, a 3 year bar to re-entry for aliens who were previously unlawfully present for between 180 days and 1 year, and a 10 year bar to re-entry for aliens who were previously unlawfully present for more than 1 year. Section 1182(a)(9)(B)(iii) provides several exceptions to the bars to re-entry set forth in clause (i), including for, *inter alia*, minors and asylees. The specific subdivision of that section referenced by Petitioner and Your Honor, Section 1182(a)(9)(B)(iii)(II), provides that "[n]o period of time in which an alien has a bona fide application for asylum pending under section 1158 of this title shall be taken into account in determining the period of unlawful presence in the United States *under clause (i)*." (emphasis added).

Thus, by it's plain terms, Section 1182(a)(9)(B)(iii)(II) applies *only* to aliens who are seeking re-admission after previously having had a period of unlawful presence in the United States, and provides *only* that for purposes of calculating the period of unlawful presence, any time in which the alien had a bona fide application for asylum pending will not be taken into account. Indeed, Petitioner himself acknowledges that 8 U.S.C. §1182(a)(9)(B)(iii)(II) is limited to applying "for purposes of the 3- and 10-year reentry bars of 8 U.S.C. §1182(a)(9)(B)(i)." *See* Petition, ECF No. 1, ¶ 21. The provision does not in any way state or suggest that an alien who is otherwise unlawfully present in the United States will not be considered unlawfully present for the purpose of determining whether he is deportable under Section 1227(a)(1)(B).

Indeed, the only court Federal Respondents are aware of that has closely analyzed this issue found that the exceptions listed in Section 1182(a)(9)(B)(iii) *do not* generally provide that an alien who has applied for asylum (or is a minor) is generally considered lawfully present and cannot be deported, and only apply to clause (i) of 8 U.S.C. §1182(a)(9)(B):

> Properly read, however, the exceptions listed in clause (iii) do not alter the definition of unlawful presence, but merely exempt certain periods of time from the calculation of a period of unlawful presence. As the words of the statute itself provide, those exempted periods of time shall not be 'taken into account in determining the period of unlawful presence in the United States under clause (i).' Put another way, an alien under 18 years of age or with a pending asylum application who is present in the United States after the expiration of the period of stay authorized by the Attorney General or is present in the United States without having been admitted or paroled **is still unlawfully present**. For purposes of calculating the time period of that alien's unlawful presence under clause (i), however, the period of time in which the alien is under 18 or has a pending asylum application will not be counted against him. **The fact that both exceptions specifically refer back to clause (i) necessarily limits the applicability of those exceptions to that clause**, *i.e.,* calculation of unlawful presence for the purpose of the 3–and 10–year bars to admission. Therefore, even assuming these exceptions alter the definition of unlawful presence, they do so *only* for purposes of the 3– and 10–year bars to admission . . . If plaintiffs' view is accepted, an alien who is a minor [or an asylee] is not unlawfully present, no matter how he entered or remained in this country. Taken to its logical conclusion, therefore, plaintiffs' argument necessarily implies that an alien child [or asylee] can never be deported. Clearly, this is not the case.

*Equal Access Educ. v. Merten*, 325 F. Supp. 2d 655, 665–66 (E.D. Va. 2004) (emphasis in bold added, emphasis in italics in original) (citing *Abay v. Ashcroft,* 368 F.3d 634 (6th Cir.2004), which found minor alien was subject to removal from the United States because he overstayed a tourist visa, as supporting "[t]he validity of this reading of the statute").

Another court, in analyzing the "minor exception" contained in Section 1182(a)(9)(B)(iii)(I), which contains the same limiting language referring back to "clause (i)" as the asylee exception contained in Section 1182(a)(9)(B)(iii)(II), similarly found that the exception did not apply to any provision of the INA other than Section 1182(a)(9)(B)(i) – even within the statute regarding inadmissibility generally: "[Section 1182(a)(9)(B)(iii)(I)] specifically states that it is to be taken into account in determining the period of unlawful presence in the United States under clause (i) of Section 212(a)(9)(B). It does not say it is to be taken into account in determining the period of unlawful presence in § 212(a)(9)(C)." *Moreira v. Cissna*, 442 F. Supp. 3d 850, 856 (E.D. Pa. 2020).

As the court in *Equal Access* notes, reading 8 USC §1182(a)(9)(B) to conclude than an alien who files an asylum application is generally considered lawfully present would essentially mean that anyone who overstays a visa but has applied for asylum cannot be placed in removal proceedings based on the visa overstay. This cannot be the case; there are numerous cases in which an individual who applies for asylum prior to the expiration of a visa is nonetheless placed in removal proceedings and concedes removability. *See, e.g., Ruiz v. Mukasey,* 526 F.3d 31, 33 (1st

Cir. 2008) (where petitioner filed an application for asylum prior to the expiration of her visa, "the authorities commenced removal proceedings under 8 U.S.C. § 1227(a)(1)(B) . . . [and petitioner] conceded removability."); *Corredor v. U.S. Atty. Gen.*, 237 F. App'x 418, 420 (11th Cir. 2007) (plaintiff conceded removability where she was issued a notice to appear after her visa expired, despite the fact that she applied for asylum prior to the visa's expiration); *Munyakazi v. Lynch*, 829 F.3d 291, 293 (4th Cir. 2016) (same); *Heidari v. U.S. I.N.S.*, 103 F.3d 117 (4th Cir. 1996) ("He entered the United States on a nonimmigrant visa and applied for political asylum prior to the expiration of that visa. At a deportation hearing Heidari conceded deportability . . ."); *Nasir v. I.N.S.*, 30 F. App'x 812, 814 (10th Cir. 2002) (denying petition for review of final deportation order following commencement of removal proceedings against petitioners, where petitioners entered on visitor visas and applied for asylum prior to the expiration of their visas); *Osei v. I.N.S.*, 305 F.3d 1205, 1207 (10th Cir. 2002) (noting that INS asserted that alien was deportable because he had overstayed his visa without authorization, despite fact that he applied for asylum prior to the expiration of the visa, and plaintiff conceded deportability); *Ouda v. I.N.S.*, 324 F.3d 445, 447 (6th Cir. 2003) (same).

Thus, Federal Respondents respectfully submit that the exception in Section 1182(a)(9)(B)(iii)(II) applies only for purposes of the re-entry bars listed in Section 1182(a)(9)(B)(i), and to any other provision of the INA, including Section 1227(a)(1)(B).

The cases cited by Your Honor at yesterday's hearing do not require a different result. Neither case considered whether Section 1182(a)(9)(B)(iii)(II) prevents an alien from being deportable on the basis of Section 1227(a)(1)(B). *United States v. Horma*, No. 3:18CR18, 2018 WL 4214136, at *7 (E.D. Va. Sept. 4, 2018) is a criminal case which considered whether the defendant, an alien who had overstayed his visa and filed for asylum, could be indicted under a statute prohibiting someone "illegally or unlawfully in the United States" from possessing a firearm. *Id.* (citing 18 U.S.C. § 922(n)). The court's discussion of 8 U.S.C. § 1182(a)(9)(B)(iii)(II) was in dicta, and the court concluded that it needed more of a factual record to decide whether that statute provided a basis for the plaintiff to assert that he was not "illegally or unlawfully present" for purposes of the firearms statute. Notably, the court's discussion of Section 1182(a)(9)(B)(iii)(II) acknowledged that that section speaks to whether an alien "has accrued time qualifying as unlawful," as opposed to whether the alien no considered "lawfully present" for all purposes. Additionally, in its discussion of Section 1182(a)(9)(B)(iii)(II), the court appears to have overlooked the limiting language of 8 U.S.C. § 1182(a)(9)(B)(iii)(II), which necessarily limits its applicability to "clause (i)." In any event, in a subsequent decision, the court ultimately found that Section 1182(a)(9)(B)(iii)(II) did not render plaintiff lawfully present because he had worked without authorization (a specific carve-out of the 1182(a)(9)(B)(iii)(II) exception). *United States v. Horma*, No. 3:18CR18, 2019 WL 238035, at *9 (E.D. Va. Jan. 16, 2019).

Further, the Tenth Circuit, in a case which considered the same criminal statute -- 18 U.S.C. § 922(n) – and its interplay with Section 1182(a)(9)(B), quoted a legacy INS memo emphasizing "that an alien may still be considered unlawfully present or in violation under other provisions of the Act (e.g., for purposes of initiating a removal proceeding) even though he or she is not deemed unlawfully present under the technical requirement of § [1182] (a)(9)(B)(ii)." *United States v. Atandi*, 376 F.3d 1186, 1190 (10th Cir. 2004). The Tenth Circuit "h[e]ld that the government can show that Atandi was illegally or unlawfully present in this country as of May 2002 because he

had been authorized to be here as a student but failed to satisfy the conditions of his student status." *Atandi*, 376 F.3d at 1190; *see also United States v. Ali*, No. CR-24-7592-TUC-AMM, 2025 WL 1732852, at *6 (D. Ariz. June 23, 2025) (considering the same firearms statute and its interplay with Section 1182(a)(9)(B) and concluding that the "fact that Defendant applied for asylum did not suddenly make his presence lawful, and it is not reasonable to believe otherwise"). Multiple other courts interpreting the firearms statute have also concluded that asylum application did not have the effect of making an alien's presence in the United States lawful. *see also United States v. Bazargan*, 992 F.2d 844, 848–49 (8th Cir.1993) (holding that an alien was subject to § 922(g)(5)'s firearm disability even though he had filed an asylum application because "the grant of an employment authorization is not part of some larger determination by the INS permitting the alien to purchase weapons, regardless of other violations of his status.... [T]he employment authorization did not have the effect of converting Bazargan back into a legal alien."); *see also United States v. Rashwan*, No. CR 22-118, 2023 WL 4274989, at *4 (E.D. Pa. June 29, 2023) (an alien in illegal status remains in illegal status and presence until his status-granting application is approved; "a pending asylum application does not remove Mr. Rashwan from the scope of section 922(g)(5)(A)").

*Shamsiev v. United States Citizenship & Immigr. Servs.*, No. 5:24CV01521, 2025 WL 1456191, at *2 (C.D. Cal. May 21, 2025) also does not require a different result. In that case, the plaintiff had brought an undue delay claim, challenging the amount of time it was taking USCIS to adjudicate his asylum application. In finding that the claim was not ripe because the application had only been pending for three and a half years, the Court noted that asylum applicants have certain benefits, including that they are "deemed lawfully present," citing 8 U.S.C. § 1182(a)(9)(B)(iii)(II). However, like the court in *Horma,* the court in *Shamsiev* did not discuss or even mention the limiting language of 8 U.S.C. § 1182(a)(9)(B)(iii)(II), which by its express terms only applies to "clause (i)." Further, the court did not discuss or consider whether an alien who falls under 8 U.S.C. § 1182(a)(9)(B)(iii)(II) is deportable under 1227(a)(1)(B) – the issue presented here. Federal Respondents respectfully submit that the courts which have carefully considered 8 U.S.C. § 1182(a)(9)(B)(iii)(II) and its express reference to "clause (i)" provide the correct reading of the statute.[2]

## Regardless Of How The Court Interprets Section 1182(a)(9)(B)(iii)(II), Petitioner Is Nonetheless Without Lawful Status

In any event, even reading Section 1182(a)(9)(B)(iii)(II) to provide broadly that an alien who files an asylum application will be considered "lawfully present" – which the Court should not, for the reasons set forth above – the Petitioner would still not be in lawful *status* in the United States. *Horma*, 2018 WL 4214136, at *6 (citing United States Citizenship and Immigration

---

[2] Your Honor also referred to another case which found that an asylum application precludes removal and allows an alien to obtain work authorization, however the undersigned was unable to find it. To the extent that the case, similarly to the *Shamsiev*, addressed the benefits available to asylum applicants in the context of a case alleging undue delay in the adjudication of an asylum applicant, Federal Respondents respectfully submit that, for the discussed above, it does not support the conclusion that 8 U.S.C. § 1182(a)(9)(B)(iii)(II) precludes a charge of deportability under 8 U.S.C. § 1227(a)(1)(B).

Services, Policy Manual vol. 7, pt. B, ch. 3 (2017)) ("As described in other USCIS guidance, whether a foreign national has a pending asylum application or other pending change of status application does not affect whether the person's immigration status changes to illegal. '[A] pending application or petition does not automatically afford protection against removal if the foreign national's status expires after submission of the application.'"). As set forth in the USCIS Policy Manual, "A pending application to extend or change status [ ], a pending adjustment application, or a pending petition does not confer lawful immigration status on an applicant. In addition, a pending application or petition does not automatically afford protection against removal if the alien's status expires after submission of the application. The alien may have no actual lawful status in the United States and may be subject to removal proceedings unless and until the extension of stay (EOS) application, change of status (COS) application, adjustment application, or petition is approved." *See* USCIS Policy Manual, *available at* https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-3. In other words, merely applying for a status, including asylum, does not give an alien lawful status such that they are not in the U.S. in violation of any law for the purposes of 8 USC § 1227(a)(1)(B). *See* 8 CFR 245(d)(1) (the term "lawful immigration status" includes an alien *granted* asylum status, but not an *applicant* for asylum); *see also Dhuka v. Holder*, 716 F. 3d 149, 156 (5th Cir. 2013) (although an alien may be granted permission to remain in the U.S. during the pendency of their application, such authorization does not equate to a right protected by law during the pendency of their application sufficient to confer lawful immigration status).[3]

This reading of the applicable statutes is also supported by the Second Circuit's recent decision in *Cunha* which found, in part, that an alien who entered the U.S. unlawfully was not in lawful immigration status notwithstanding his application for asylum. *Cunha v. Freden,* No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). Therefore, there can be no dispute that Petitioner's pending asylum application does nothing to change the fact that he is no longer in the United States in lawful *status*.

And here, the relevant question is whether Petitioner is "in the United States in violation of [8 U.S.C. § 1227] or any other law of the United States." 8 U.S.C. § 1227(a)(1)(B). The answer is unequivocally yes. Petitioner was admitted into the United States as a B2 nonimmigrant for a specific period and stayed longer than permitted. Therefore, he is in violation of 8 U.S.C. § 1227(a)(1)(C)[4] for having failed to maintain the B2 nonimmigrant status or otherwise failing to

---

[3] Federal Respondents reading of the applicable statutes is also supported by the statute providing for adjustment of status for an alien who is granted asylum. An alien who is granted asylum and then applies to adjust their status to a lawful permanent resident must establish that they are admissible pursuant to INA 209(b)(5) (8 U.S.C. § 1159(b)(5)), but the adjustment statute specifically says that inadmissibility under INA 212(a)(7) does not apply at the adjustment of status stage, INA 209(c) (8 U.S.C. § 1159(c)). If it were the case that Petitioner is currently not inadmissible under INA 212(a)(7) merely because he is an applicant for asylum, that would render the INA 212(a)(7) carveout for aliens who were *granted* asylum and want to adjust status (INA 209(c) (8 U.S.C. § 1159(c)) superfluous.

[4] 8 U.S.C. § 1227(a)(1)(C) provides that "[a]ny alien who was admitted as a nonimmigrant and who has failed to maintain the nonimmigrant status in which the alien was admitted" is deportable.

comply with the conditions set out for B2 nonimmigrants at INA 101(a)(15)(B) (8 U.S.C. § 1101(a)(15)(B)). He is also in violation of INA 212(a)(7) (8 U.S.C. § 1182(a)(7)), because someone who enters the U.S. and overstays their visa is illegally in the U.S. as a civil immigration matter. Therefore, he is in the United States in violation of the laws of multiple sections of the INA, and subject to deportation pursuant to 8 USC § 1227(a)(1)(B).

Thus, under both Section 1227(a)(1)(B) and 1227(a)(1)(C)(i),[5] Federal Respondents had a valid basis to issue a Notice to Appear to Petitioner, and in turn have a valid basis to detain the Petitioner under Section 1226(a).

Federal Respondents thank the Court for its attention to this submission.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/ *Marika M. Lyons*
Marika M. Lyons
Diane C. Leonardo
Assistant United States Attorneys
(631) 715-7822/ 7854
Marika.lyons@usdoj.gov
Diane.beckmann@usdoj.gov

cc: <u>By ECF</u>
Robert Bond, *Counsel for Petitioner*

---

[5] While the NTA in this case does not cite 1227(a)(1)(C)(i), Federal Respondents respectfully submit that it nonetheless also provides a basis to uphold the Petitioner's detention. *See, e.g., Balogun v. Wolf*, No. 20-CV-6574-FPG, 2020 WL 13553495, at *3 (W.D.N.Y. Dec. 3, 2020) (suggesting that ICE may add new charges of removability under 8 U.S.C. § 1227 to support detention).