

THE LAW OFFICES OF

# ROBERT BOND *

ESQUIRE • LLC

USPHS VETERAN US

11880 Bustleton Ave, Ste 206, Philadelphia, PA 19116  **(215) 240-7565**
603 Brighton Beach Ave, 2nd Fl, Brooklyn, NY 11235  **(718) 730-9407**
✉ rbond@phillylawcenter.com

**www.phillylawcenter.com**
*Licensed in Pennsylvania & New Jersey • 📷 @robertbondlaw

May 12, 2026

*VIA CM/ECF*

Hon. Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722

**Re:** ***Yeleshev v. LaRocco et al.*, No. 2:26-cv-02294-SJB (E.D.N.Y.)**
**Petitioner's Response to Respondents' Letter; Renewed Request for**
**Immediate Release and Attorneys' Fees**

Dear Judge Bulsara:

Petitioner Yessimkhan Yeleshev respectfully submits this response to Respondents' May 12, 2026 letter. Respondents still have not identified authority that squarely permits the arrest and detention, under 8 U.S.C. § 1226(a), of a noncitizen who was lawfully admitted on a B-1/B-2 visa, filed his I-589 before his authorized stay expired, and was then detained based on a Notice to Appear charging only 8 U.S.C. § 1227(a)(1)(B). Mr. Yeleshev was admitted on October 6, 2025 through April 4, 2026, and filed his asylum application on January 5, 2026—eighty-nine days before the expiration of that authorized stay.

Respondents' best argument proves only a narrower point. They are correct, at most, that 8 U.S.C. § 1182(a)(9)(B)(iii)(II) does not itself transform every pending asylum application into lawful immigration status for every purpose. *Equal Access* read § 1182(a)(9)(B)(iii) as exempting certain periods from the calculation of unlawful presence only for the 3- and 10-year bars, and *Rotimi* held, in the distinct § 212(h) context, that the lawfulness of residence stems from a granted privilege to remain rather than from the mere filing of an application. But neither case addressed civil detention under § 1226(a), and neither answers the question presented here: whether DHS may detain a lawfully admitted affirmative asylum applicant whose application was filed before his authorized stay expired. *Equal Access Education v. Merten*, 325 F. Supp. 2d 655 (E.D. Va. 2004); *Rotimi v. Holder*, 577 F.3d 133 (2d Cir. 2009)

That gap matters. Even if Respondents are right that § 1182(a)(9)(B)(iii)(II) does not automatically confer lawful status, it does not follow that detention is lawful here. The recent

decision in *Doe v. Jamison* rejected the premise that the government may rely on its own failure to process a timely affirmative asylum application as the trigger for detention, holding that detention violates the asylum provisions of the INA where the applicant entered lawfully, applied while in status, and the government's failure to process the application precipitated the detention. *Doe* also recognized that asylum applicants granted employment authorization are deemed lawfully present for at least some regulatory purposes. Respondents' letter never seriously engages that asylum-specific framework; instead, it assumes that once a visa expiration date passes, ordinary overstay detention principles necessarily control. That assumption is the very point in dispute. *DOE v. JAMISON*, No. 2:26-cv-01906 (E.D. Pa. Mar 31, 2026)

Nor does *Jemna* solve Respondents' problem. *Jemna* supports the ordinary proposition that a noncitizen charged as removable for overstaying a tourist visa may be detained under § 1226(a) while removal proceedings are pending. But the court there did not address whether a timely asylum filing before visa expiration changes the analysis on facts like these, and it did not address the legal significance of the affirmative-asylum posture that Petitioner presents here. *Jemna* therefore does not supply the authority Your Honor asked for. *Jemna v. Warden of Otay Mesa Detention Center*, No. 3:26-cv-00725 (S.D. Cal. Mar 20, 2026)

Respondents' other authorities are still further afield. Their firearm-disability cases construe the criminal phrase "illegally or unlawfully in the United States," not the scope of civil detention authority under § 1226(a). And even in that criminal setting, courts have recognized that unlawful presence and unlawful status are distinct concepts in immigration law. Respondents' letter collapses those concepts and then uses that collapse to justify detention. That is not a substitute for actual detention authority. *United States v. Venegas-Vasquez*, 376 F. Supp. 3d 1094 (D. Or. 2019)

Respondents are also wrong to invoke 8 U.S.C. § 1227(a)(1)(C) for the first time in a habeas letter as if that cures the problem. DHS may add or substitute removability charges during proceedings, but only by lodging them in writing and serving the noncitizen with those additional charges. A post hoc litigation letter is not a properly served amendment to the charging document. The operative Notice to Appear, by Respondents' own submission, charges only § 1227(a)(1)(B). Respondents cannot justify Mr. Yeleshev's arrest and detention by pointing to a different statutory theory they never actually charged. *Celia Martinez v. William Barr*, 941 F.3d 907 (9th Cir. 2019)

In short, Respondents' "clause (i)" argument proves too little. At most, it shows that § 1182(a)(9)(B)(iii)(II) does not itself resolve every immigration-status question in Petitioner's favor. But that is not enough. The question is whether Respondents had authority to arrest and detain this Petitioner—lawfully admitted, affirmatively seeking asylum, and having filed before his period of authorized stay expired. Respondents still cite no case that answers that question on

these facts, while *Doe* indicates that detention in materially similar circumstances violates the INA. *DOE v. JAMISON*, No. 2:26-cv-01906 (E.D. Pa. Mar 31, 2026)

For those reasons, Petitioner respectfully renews his request that the Court order his immediate release and award reasonable attorneys' fees.

Respectfully submitted,

**/s/ Robert Bond**
Robert Bond, Esq.
PA Bar No. 308371
Law Offices of Robert Bond, Esq.
11880 Bustleton Avenue, Suite 206
Philadelphia, PA 19116
Tel: (215) 240-7565
Email: rbond@phillylawcenter.com

cc:     *Marika M. Lyons, AUSA (via CM/ECF)*
        *Diane C. Leonardo, AUSA (via CM/ECF)*